8 F.3d 26
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Michael L. GRACE; Sondra L. Field, Plaintiffs-Appellants,
v.
Hoaliku L. DRAKE, Chairman, Hawaiian Homes Commission; John
Waihee, Governor, State of Hawaii; Warren Price,
III, Attorney General, State of Hawaii,
Defendants-Appellees.
 No. 92-15054.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted May 7, 1993.
Submission Vacated May 27, 1993.
Resubmitted Sept. 1, 1993.
Decided Sept. 21, 1993.
 
 Before: GOODWIN, TANG, and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Michael L. Grace and Sondra L. Field ("Appellants") appeal pro se the district court's grant of summary judgment in favor of the Hawaiian state officials[1] against whom Grace and Field brought their 42 U.S.C. § 1983 action. We affirm.
 
 
 3
 Anahola Beach Park (the "Park") is owned and managed by the State of Hawaii pursuant to the Hawaiian Homes Commission Act of 1920. See 1 Haw.Rev.Stat. 167-205. Appellants occupied a portion of the Park and built a dwelling on it. The Chairman of the Hawaiian Homes Commission, Hoaliku L. Drake, served Appellants with a notice to vacate on June 27, 1991 ("Notice"). The Notice required that Appellants vacate the premises by July 11, 1991, or else they would be arrested and prosecuted for trespassing, and their dwelling would be considered abandoned and disposed of by the state, at the owner's cost and expense. Appellants objected and refused to leave.
 
 
 4
 On July 8, 1991, Appellants filed a complaint pro se in the district court seeking a temporary restraining order and a preliminary and permanent injunction to prevent the State of Hawaii from evicting them from the Park. They also sought a writ of mandamus from the Supreme Court of Hawaii to prevent the State from evicting them. In both venues, Appellants contended that they had title to the land pursuant to certain quitclaim deeds they had filed, and pursuant to their alleged status as citizens of the independent nation of Hawaii. The state Supreme Court summarily denied the petition for mandamus. [Supp. ER at 96]. After a hearing in the district court on July 10, 1991, the court refused to grant the TRO in a July 11, 1991 order. [Supp. ER at 99.] The Department of Hawaii Home Lands allowed Appellants three days after the midnight, July 11 deadline to evacuate the premises. When Appellants refuse to leave on July 15, however, they were arrested for trespassing and their dwelling was destroyed.
 
 
 5
 In a Hawaiian state court on September 9, 1991, Appellants were convicted of two counts of trespass under Haw.Rev.Stat. § 708-815, and sentenced to perform thirty-five hours of community service work. The convictions were affirmed on appeal by the Supreme Court of the State of Hawaii. See Hawaii v. Michael Grace et al., No. 15648 (Haw. Oct. 23, 1992).
 
 
 6
 Because their claims for injunctive relief became moot after July 15 when they were evicted and their dwelling destroyed, Appellants sought to amend their complaint with a damages claim against defendants in their individual capacities for destruction of the dwelling in violation of the Due Process Clause of the Fourteenth Amendment. The district court granted Appellants' motion to amend their complaint, but then granted summary judgment to Appellees. After assuming arguendo that Appellants did in fact have a property interest in the dwelling they erected while illegally trespassing on state property, the court determined that Appellants received all the process that was due.
 
 
 7
 A grant of summary judgment is reviewed de novo, as a question of law. Jones v. Union Pacific R.R., 968 F.2d 937, 940 (9th Cir.1992). Viewing the evidence in the light most favorable to the nonmoving party, this court determines whether there are any genuine issues of material fact and whether the district court correctly applied the relevant substantive law. Federal Deposit Ins. Corp. v. O'Melveny & Myers, 969 F.2d 744, 747 (9th Cir.1992). This court may affirm the district court on any ground supported by the record. United States v. State of Washington, 969 F.2d 752, 755 (9th Cir.1992).
 
 
 8
 Appellants claim that they were denied due process under the Fourteenth Amendment when the State of Hawaii destroyed their dwelling, and that the district court erred in granting summary judgment to Appellees. We heard oral argment on this appeal in May. Submission was deferred for 90 days and the parties were encouraged to settle. A settlement did not result, however, and the case was resubmitted for decision. We must decide the case now according to the law as it appears on this appeal.
 
 
 9
 Even if we assume arguendo that Appellants here had a property right in the structure they erected,[2] the district court correctly held that Appellants were given all of the process that was due. As the Supreme Court has explained, "[a]n essential principle of due process is that a deprivation of life, liberty, or property 'be preceded by notice and opportunity for hearing appropriate to the nature of the case.' " Cleveland Board of Educ. v. Loudermill, 470 U.S. 532, 542 (1985) (quoting Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 313 (1950)). Appellants clearly received notice that their failure to vacate would be viewed as a trespass and their property, including their fixed structures, would be seized and disposed of pursuant to law. Appellants do not contest the fact that before the State evicted them, they recognized the possibility that their home may be destroyed. See Complaint at 3.
 
 
 10
 In addition to receiving notice, Appellants had numerous opportunities to be heard on the matter, at both pre- and post-deprivation hearings. As the district court highlighted, Appellants had several opportunities to be heard on the issue: before the state Supreme Court on their mandamus petition; before the district court on their TRO motion, and on their motion for reconsideration of the district court's refusal to issue a TRO; and before the state trial court at the criminal trespass proceedings. Appellants have now had a full and fair post-deprivation hearing before the district court as well. The record therefore shows that Appellants were not deprived of an opportunity to be heard on the matter.
 
 
 11
 Finally, assuming Appellants had some sort of property interest in the structure they erected, Appellants can still seek state post-deprivation remedies. See Haw.Rev.Stat. §§ 661 (Actions By and Against the State), 662 (State Tort Liability Act).
 
 
 12
 We therefore conclude that Appellants were not denied due process, and that the district court did not err in granting summary judgment to defendants.
 
 
 13
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 The Appellees in this matter are Hoaliku L. Drake, Chairman of the Hawaiian Homes Commission, John Waihee, Governor of the State of Hawaii, and Warren Price, III, the Attorney General of the State of Hawaii
 
 
 [2]
 Appellees argue that Appellants forfeited any interest they may have had in the raw materials that went into building their dwelling when they illegally erected that structure while trespassing at the Park. We do not express an opinion as to this state law issue. We hold, however, that even if Appellants had a property interest in the structure, they were not denied due process